IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-CR-158-FL-1

| | | |
|---|---|---|
| CARLOS ALEXANDER SANDERS | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |

Movant filed a post-judgment motion (DE 36) requesting a copy of the transcripts from his criminal proceedings at the court's expense. In this posture, the issues raised are ripe for adjudication.

The circumstances under which the court may provide an indigent criminal defendant a copy of a transcript at the court's expense are addressed by 28 U.S.C. § 753(f). Specifically, § 753(f) states that a free transcript shall be provided to an indigent criminal defendant to bring an action pursuant to 28 U.S.C. § 2255 "if the trial judge . . . certifies that the suit . . . is not frivolous and that the transcript is needed to decide the issue presented by the suit. . . ." 28 U.S.C. § 753(f); see also United States v. MacCollum, 426 U.S. 317, 326 (1976). Additionally, an indigent defendant must make a showing of a particularized need to obtain a free transcript. See United States v. Hill, 34 F. App'x. 942, 943 (4th Cir. May 22, 2002). An indigent defendant may not obtain a free transcript "merely to comb the record in the hope of discovering some flaw." United States v. Glass, 317 F.2d 200, 202 (4th Cir. 1963).

In this case, petitioner has not filed a § 2255 petition, and the court denied his November 15, 2013, motion for an extension of time to file such a petition. Further, movant's motion for free transcripts does not state any particularized need for the requested transcripts. Based upon the foregoing, movant does not meet the requirements for a free transcript under § 753(f), and his transcript requests (DE 36) are DENIED.

SO ORDERED, this the 4th day of December, 2013.

LOUISE W. FLANAGAN
United States District Judge