| | |
|---|---|
| **Carlos Alexander Sanders**           Petitioner, <br><br> v. <br><br> **United States of America**,           Respondent. | **Memorandum & Recommendation** |

Petitioner Carlos Alexander Sanders, proceeding under 28 U.S.C. § 2255, seeks to vacate, set aside, or correct the 109 month sentence of imprisonment imposed in connection with his guilty plea to one count of being a felon in possession of a firearm ("Motion to Vacate"). Sanders argues that he is entitled to relief because the court improperly calculated his sentencing guideline range and because his counsel's performance was constitutionally inadequate due to a failure to file a suppression motion, a failure to file a notice of appeal, and failure to point out alleged inconsistencies in police reports. Sanders also filed two motions seeking to supplement the record with additional case law and photographic evidence. D.E. 48, 49. The government does not address the merits of Sanders's claims, but argues that his Motion should be dismissed because it is barred by the statute of limitations.

After reviewing the docket and the arguments of the parties, the court has determined that, while he is entitled to supplement his filings with the court, Sanders is not entitled to the relief he seeks because he failed to file his Motion within the time required under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, undersigned will grant the Motion for Leave to Add Supplemental Authority (D.E. 48) and the Motion to Enter

1

Photo Exhibits (D.E. 49) and recommends[1] that that the court deny Sanders's Motion to Vacate (D.E. 39) and grant the Government's Motion to Dismiss (D.E. 44).

## I. Background

In July 2012, Sanders entered a guilty plea to one count of being a felon in possession of firearms and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924. D.E. 20. As a result of his guilty plea, the court entered a judgment on October 26, 2012, requiring him to serve a 109 month prison sentence. D.E. 29. Sanders did not appeal his conviction or sentence.

On October 25, 2012, after his sentencing, Sanders was placed in the custody of the United States Marshals. Sanders claims that the Marshals did not allow him access to his legal materials until he arrived at United States Penitentiary Lee ("USP Lee") on December 28, 2012. D.E. 53 at 8. Sanders also claims that he was denied access to his legal materials beginning on June 26, 2013 when he was placed in solitary confinement at USP Lee. D.E. 47 at 5. He maintains he was unable to work on his motion until October 29, 2013, when he was transferred to United States Penitentiary Atlanta. *Id.* at 5.

Sanders sought an extension of the time to file a Motion to Vacate on November 7, 2013. D.E. 32. After the court notified Sanders that his original filing was unsigned, he submitted a revised motion for an extension of time on November 15, 2013. D.E. 33. The court denied this Motion on December 20, 2013. D.E. 37.

Sanders's Motion to Vacate was eventually filed on December 27, 2013. D.E. 39. The Government responded by filing a Motion to Dismiss. D.E. 44. In March 2014, Sanders filed a motion requesting permission to submit a decision from the United States Court of Appeals for the Seventh Circuit for the court's consideration. D.E. 48. The following month, he requested

---

[1] The district court referred this matter to the undersigned United States Magistrate Judge for the entry of a memorandum and recommendation pursuant to 28 U.S.C. § 636(b)(1).

permission to supplement the record with various photographs, which he believes support his claim for relief. D.E. 49. All of these motions are ripe for disposition.

**II.     Analysis**

    **A.     Motions to Supplement the Record**

As mentioned above, after filing his § 2255 Petition, Sanders filed a Motion for Leave to Submit Supplemental Authority (D.E. 48) and a Motion to Enter Photo Exhibits (D.E. 49). The Government has not opposed these Motions. Therefore, the Motions will be granted.

    **B.     Standard for Review of § 2255 Claims.**

In order to prevail on his Motion to Vacate, Sanders must show that (1) his sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such sentence; or (3) that his sentence exceeded the maximum authorized by law. 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall … grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law" regarding the petitioner's motion. 28 U.S.C. § 2255(b). However, ultimately, the petitioner must establish that he is entitled to relief by a preponderance of the evidence. *See, e.g.*, *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958) (*per curiam*).

The Federal Rules of Civil Procedure are applicable to the court's consideration of a § 2255 motion to the extent that they do not conflict with any other statutory provisions or the procedural rules specifically applicable to § 2255 motions. Rules Governing Section 2255 Proceedings, Rule 12. Therefore, in reviewing the Government's Motion to Dismiss, the court will apply the standard that generally applies to motions brought pursuant to Rule 12(b)(6).

3

Case 5:12-cr-00158-FL   Document 58   Filed 09/02/15   Page 3 of 10

The Supreme Court has explained that in order to withstand a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Therefore, while a court must accept all the factual allegations contained in a complaint as true, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id.* The court may also consider documents that are part of the public record, *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009), and in the context of a § 2255 motion, "the files and records of the case[,]" 28 U.S.C. § 2255(b).

After *Iqbal*, a court considering a motion under Rule 12(b)(6) must subject a complaint to a two-part test. First, the court must identify the allegations in the complaint that are not entitled to the assumption of truth because they are conclusory in nature or nothing more than a formulaic recitation of the elements of a claim. *Id.* at 679. Then, taking the remaining factual allegations as true, the court must determine whether the complaint "plausibly suggest[s] an entitlement to relief." *Id.* If, after conducting this two-part analysis, "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'shown' — 'that the pleader is entitled to relief'" *Id.* If a party fails to show that they are entitled to relief, the court must dismiss the deficient claims.

**B.     Timeliness**

The Government argues that the Motion should be dismissed pursuant to Rule 12(b)(6) because Sanders failed to state a claim upon which relief may be granted. Specifically, the Government contends that Sanders filed his motion outside the one-year statute of limitations

4

governing § 2255 claims. Ordinarily, a court will not address an affirmative defense such as the statute of limitations when resolving a 12(b)(6) motion. *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007). However, it may do so if all of the facts necessary to rule on the affirmative defense "clearly appear on the face of the complaint." *Id.* In this case, the Motion to Vacate contains sufficient information to establish that it was not filed in a timely manner.

Motions brought pursuant to 28 U.S.C. § 2255 are subject to a one-year statute of limitations. The limitations period runs from the latest of four possible dates:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Because he did not file a direct appeal, Sanders's judgment became final when his time to appeal expired on November 7, 2012. *See* Fed. R. Civ. P. 4(b); *Clay v. United States*, 537 U.S. 522, 524–25 (2003) (holding that a conviction becomes final after the time period to appeal or seek review has expired); *United States v. Sanders*, 247 F.3d 139, 142 (4th Cir. 2001) (stating that "since [petitioner] did not file a direct appeal, his conviction became final for purposes of § 2255 subsection (1)," on the date "upon which he declined to pursue further direct appellate review"). Accordingly, to be considered timely, Sanders's Motion to Vacate needed to be filed

5

Case 5:12-cr-00158-FL   Document 58   Filed 09/02/15   Page 5 of 10

on or before November 7, 2013. However, he did not file his Motion to Vacate until December 27, 2013, which means that the statute of limitations bars his claim for relief.

Sanders argues that his Motion is timely because his judgment did not become final until 90 days after its entry. However, this 90-day period only applies when a defendant has an unsuccessful direct appeal from a judgment of conviction, but does not file a petition for a writ of certiorari with the Supreme Court. *Clay v. United States*, 537 U.S. 522, 524 (2003). Here, Sanders did not pursue a direct appeal. Therefore, his argument on this point lacks merit.

Sanders next argues that his Motion to Vacate is timely under § 2255(f)(3) which, as noted above, provides that a petition may be filed within one year after "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). Specifically, he asserts that his claim is timely because it was filed within one year of *Alleyne v. United States,* 133 S. Ct. 2151 (2013) and *United States v. Davis,* 720 F.3d 215 (4th Cir. 2013).

However, neither of these cases trigger the limitations period described in § 2255(f)(3). Sanders cannot rely upon *Alleyene* to render his Motion timely because it is not retroactively applicable to cases on collateral review. *See United States v. Stewart*, 540 F. App'x 171, 172 n.* (4th Cir. 2013) (unpublished); *Vaughn v. United States*, No. 7:11-CR-85-D, 2015 WL 164760 at *4 (E.D.N.C. Jan. 13, 2015); *Perdono v. Taylor*, 5:12-HC-2304-FL, 2014 WL 773555, *2 n.3 (E.D.N.C. Feb. 25, 2014). His reliance on *Davis* does not fare any better because § 2255(f)(3) only applies to decisions from the Supreme Court and *Davis* was decided by the Fourth Circuit Court of Appeals.

Sanders also argues that even if his filing does not comply with the statute of limitations, his untimely filing should be excused because he is actually innocent of the offense that resulted in his conviction and sentence. D.E. 39-1 at 12–13. Sanders relies on *McQuiggin v. Perkins,* 133 S. Ct. 1924, 1928 (2013), which held that a "convincing showing of actual innocence" can overcome procedural time bars on habeas corpus petitions. *Id.* at 1928. However, actual innocence requires a showing of factual innocence of the underlying offense and "is not satisfied by a showing that a petitioner is legally, but not factually, innocent." *See United States v. Mikalajunas*, 186 F.3d 490, 494 (4th Cir.1999). Given that *McQuiggin*'s focus is on innocence of the underlying offense, its rationale "does not extend to cases in which a movant asserts actual innocence of his sentence, rather than of his crime of conviction." *United States v. Jones*, 758 F.3d 579, 586 (4th Cir. 2014) *cert. denied*, 135 S. Ct. 1467, 191 L. Ed. 2d 413 (2015). Here, Sanders does not argue that he did not actually commit the offense that led to his sentence. Instead, his argument focuses on whether certain evidence would have been suppressed and the appropriateness of the sentence imposed by the district court. In these circumstances, *McQuiggin* does not apply and Sanders cannot rely upon its reasoning to avoid the procedural bar created by his untimely filing.

Finally, Sanders asserts that even if his filing is untimely, the statute of limitations should be equitably tolled. Equitable tolling may be applied to § 2255 petitions. *United States v. Prescott*, 221 F.3d 686, 688 (4th Cir. 2000). In order to prevail on an equitable tolling theory, a petitioner must show (1) that he has been pursuing his rights diligently and (2) some extraordinary circumstance stood in his way of filing. *Holland v. Florida*, 560 U.S. 631, 632 (2010). To determine if a petitioner pursued his rights diligently, courts evaluate the petitioner's efforts to comply with the statute of limitations. *See United States v. Oriakhi*, 394 F. App'x 976,

7

977 (4th Cir. 2010) (holding that petitioner did not meet the diligence prong when his only action during the filing period consisted of requesting a transcript from the court). To determine if the situation qualifies as extraordinary, courts evaluate the petitioner's circumstances on a case-by-case basis. *Holland*, 560 U.S. at 632 (quoting *Baggett v. Bullitt*, 377 U.S. 360, 375 (1964)). Circumstances such as lack of access to court papers do not qualify as extraordinary. *See Henriquez v. United States*, No. 5:06-CR-232-FL, 2012 WL 1564158, at *2 (E.D.N.C. May 2, 2012) (refusing to grant equitable tolling when petitioner's materials were confiscated by the United States Marshals Service).

Sanders's arguments fail on both prongs. First, he did not pursue his rights diligently. Although Sanders's filings identify approximately four months prior to the filing deadline when he may have been unable to draft and submit a § 2255 petition (D.E. 47 at 5), he failed to establish why he did not prepare and file his petition during the remaining eight months afforded to him under AEDPA. Moreover, Sanders did not submit his § 2255 petition until three weeks after the court's denial of his motion for an extension of time, even though his motion was under the court's consideration for two weeks. D.E. 33, 37, 39-11. Thus, Sanders did not adequately prepare when he was on notice about the need to make an expeditious filing if the court granted his motion.

Second, Sanders's circumstances do not qualify as extraordinary. In his initial request for an extension, which he mailed three days before the statute of limitations expired, Sanders contended that he needed additional time due to several prison transfers and the need to retain new counsel. D.E. 32, 33. Sanders further argues that he spent some of the filing period in solitary confinement without his legal materials. D.E. 47 at 5. Sanders had nearly eleven months to retain an attorney and file his petition, but failed to do so until the last minute.

Moreover, while Sanders's transfer among prisons and lack of access to materials may have disrupted his ability to prepare his petition, he does not explain why he was unable to adequately prepare during the months prior to the transfers. Thus, Sanders fails both prongs and does not meet the standard required for equitable tolling.

Because Sanders failed to make a timely filing under § 2255(f) and neither actual innocence nor equitable tolling excuse his untimely filing, he is procedurally barred from pursuing his § 2255 motion. Therefore, the undersigned recommends that the district court dismiss Sanders's Motion to Vacate and grant the Government's Motion to Dismiss.

## IV. Conclusion

For the foregoing reasons, the court grants the Motion for Leave (D.E. 48) and the Motion to Enter Photo Exhibits (D.E. 49). The undersigned recommends that the district court deny the Motion to Vacate (D.E. 39) and grant the Government's Motion to Dismiss (D.E. 44).

Furthermore, the court directs that the Clerk of Court serve a copy of this Memorandum and Recommendation on petitioner. Petitioner shall have until 14 days after service of the Memorandum and Recommendation on petitioner to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a *de novo* determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If petitioner does not file written objections to the Memorandum and Recommendation by the foregoing deadline, he will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, petitioner's failure to file written objections by the foregoing deadline will bar him from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation.** *See Wright v. Collins*, **766 F.2d 841, 846-47 (4th Cir. 1985).**

Dated: September 2, 2015

*/s/ Robert T. Numbers II*
_____
Robert T. Numbers, II
United States Magistrate Judge