IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-CR-158-FL-1
NO. 5:13-CV-873-FL

| | | |
|---|---|---|
| CARLOS ALEXANDER SANDERS, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the court on petitioner's motion to appoint counsel (DE 60); petitioner's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (DE 39); and the government's motion to dismiss, (DE 44), to which petitioner filed a response in opposition. (DE 47). Pursuant to 28 U.S.C. § 636(b)(1)(B), United States Magistrate Judge Robert T. Numbers, II, entered a memorandum and recommendation ("M&R") (DE 58), wherein it is recommended that the court deny petitioner's § 2255 motion and grant respondent's motion to dismiss. Petitioner timely filed objections to the M&R, and in this posture, the issues raised are ripe for ruling. For the reasons stated herein, the court denies petitioner's motion to appoint counsel, adopts the recommendation of the M&R, and grants respondent's motion to dismiss.

**BACKGROUND**

On July 11, 2012, petitioner pleaded guilty without a plea agreement to one count of possession of firearms and ammunition by a convicted felon, in violation of 18 U.S.C. 922(g)(1) and 924. On October 24, 2012, petitioner was sentenced to 109 months, and on October 26, 2012,

judgment was entered. Petitioner did not appeal. On November 7, 2013, petitioner first sought to file a motion for extension of time to file a § 2255 motion, but his motion was unsigned and deficient. On November 15, 2013, the deficiency was corrected with signature, and on December 2, 2013, the court denied petitioner's motion. On December 27, 2013, petitioner nevertheless filed the instant motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, and on January 31, 2014, the government moved to dismiss. While the § 2255 motion was pending, petitioner moved to enter certain exhibits, and to supplement his claim for relief. In the September 2, 2015, M&R, the magistrate judge granted these motions, but recommended the court deny petitioner's motion to vacate, set aside, or correct his sentence. Petitioner filed objections to the M&R and moved for the court to appoint counsel on September 18, 2015.

**COURT'S DISCUSSION**

A.  Standard of Review

The district court reviews de novo those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was

2

imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). "The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions, or the [§ 2255 Rules], may be applied to" § 2255 proceedings. Rules Governing Section 2255 Proceedings, Rule 12.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A complaint states a claim under 12(b)(6) if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. In evaluating the complaint, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

B. Analysis

1. Motion to Appoint Counsel

With respect to the motion to appoint counsel, the district court is authorized under 18 U.S.C. § 3006A(a)(2)(B) to appoint counsel to represent a habeas petitioner when the interests of justice so require and the petitioner is financially unable to obtain representation. Under the circumstances of this case, however, the court finds that appointment of counsel is not required. Therefore, the motion for appointment of counsel (DE 60) is denied.

2. Objections

Petitioner presents two arguments in his § 2255 motion. First, he contends that the government and the court committed misconduct by relying on certain conduct referenced within the pre-sentence report, but not contained in the indictment, to increase the statutory penalty in violation of the Supreme Court's decision in <u>Alleyne v. United States</u>, ___U.S.___, 133 S. Ct. 2151 (2013). Second, petitioner argues that he received ineffective counsel because defense counsel failed to move for suppression of evidence resulting from Fourth Amendment violations; failed to point out inconsistencies within police reports; and failed to file a direct appeal. In his objections to the M&R, petitioner takes issue with the magistrate judge's recommendation that <u>Alleyne</u> does not retroactively apply; that petitioner's suit is time-barred; and that petitioner's equitable tolling arguments and claim of "actual innocence" of sentence are without merit.

a. Sentencing Enhancements and <u>Alleyne</u>

Petitioner argues that <u>Dodd v. United States</u>, 545 U.S. 353, 365-66, n. 4 (2005), provides a district court the authority to find that <u>Alleyne</u> may be applied retroactively. In light of our case law, this argument is without merit. <u>Alleyne</u> is not retroactively applicable to cases on collateral review.

4

See Bey v. Hollenback, No. 5:14-HC-2016-FL, 2015 WL 859575, at *3 (E.D.N.C. Feb. 27, 2015), aff'd per curiam 616 Fed. App'x (4th Cir. 2015) (citing United States v. Stewart, 540 Fed. App'x 171, n* (4th Cir. 2013)). A legal decision that does not affect the validity of the petitioner's sentence is not a new right for purposes of triggering § 2255(f)(3). 28 U.S.C. § 2255(f)(3) (the one-year statute of limitations begins to run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized . . . and made retroactively applicable to cases on collateral review").[1]

      b.    Timeliness

Under § 2255(f)(1), judgment of conviction becomes final when the time for filing a direct appeal expires. See Clay v. United States, 537 U.S. 522, 532 (2003), contra United States v. Sanders, 247 F.3d 139, 142 (4th Cir. 2001).[2] Petitioner did not file a direct appeal, and the time for such filing expired on November 9, 2012.[3] See Fed. R. App. P. 4(b)(1)(A)(I). Petitioner had one year from that date to file his § 2255 petition, as any claims based on Apprendi v. New Jersey, 530 U.S. 466 (2000), counsel's failure to point out police report inconsistencies, failure to move to suppress, and failure to file a direct appeal would have been known to petitioner on November 9,

---

[1] Petitioner raises no objection to the magistrate judge's conclusion that United States v. Davis, 720 F.3d 215 (4th Cir. 2013), does not create a new right for the purposes of § 2255 (f)(3), and the court finds no clear error.

[2] The Supreme Court in Clay overruled United States v. Torres, 211 F.3d 836 (4th Cir. 2000). To the extent Sanders, relying on Torres, holds that where a direct appeal is not filed, a judgment becomes final on the date judgment is entered by the district court, Clay appears to have changed the law. The Fourth Circuit, however, has not overruled Sanders, and has inconsistently applied Clay and Sanders. See United States v. Diallo, 581 F. App'x 226, 227 (4th Cir. 2014), United States v. Osborne, 452 F. App'x 294, 295 (4th Cir. 2011) (both holding that the § 2255(f)(1) one year period begins to run fourteen days after entry of judgment, even when no direct appeal is filed); contra United States v. Brown, 596 F. App'x 209, 211 (4th Cir. 2015), Hannigan v. United States, No. 7:09-CR-133-D, No. 7:14-CV-122-D, 2015 WL 1056329, *1, n. 1 (E.D.N.C. Mar. 10, 2015) (both holding that when no appeal is filed, judgment becomes final on date judgment is entered by district court). The distinction is irrelevant in the instant matter, however, as under both Sanders and the court's interpretation of Clay, petitioner's claim is not timely.

[3] Although judgment was signed October 24, 2013, the clerk's notation indicates that it was entered on October 26, 2013, and the fourteen day period is calculated from the latter date. (See DE 29).

5

2012. Petitioner did not move for an extension of time to file his § 2225 claim until November 15, 2013.[4]  Per the court's December 2, 2013, order (DE 37), the motion was denied for lack of jurisdiction,[5] and petitioner did not file the instant § 2255 motion until December 27, 2013. Petitioner did not object to the court's denial of his motion for extension of time to file, and does not contest meaningfully the calculation of the statute of limitations.  Accordingly, the court finds petitioner's claims are time-barred, and turns to the magistrate judge's recommendation with respect to equitable tolling considerations.

3.   Equitable Tolling

In order to prevail on an equitable tolling theory, petitioner must demonstrate: 1) that he has been pursuing his rights diligently, and 2) that some extraordinary circumstance stood in his way. Holland v. Florida, 560 U.S. 631, 649 (2010).  Petitioner contends that he was placed in solitary confinement on June 26, 2013, and held there, without legal materials, until October 2013, when he was transported between federal facilities during the weeks leading up to his § 2255 deadline.  (DE 47 at 5).  Although Alleyne was decided June 17, 2013, very shortly before petitioner was placed in solitary confinement, the court holds petitioner's arguments based on that case are without merit for the reasons provided herein.  With respect to petitioner's other grounds for relief, petitioner offers no explanation as to why he could not work on his § 2255 petition between November 2012 and June 2013, nor has he demonstrated why his petition would have taken more than six months

---

[4] Petitioner first attempted to move for an extension of time to file on November 7, 2013, with a motion mailed November 4, 2013, but his motion was deficient for lack of signature.  (DE 32).  The defect was remedied promptly on November 15, 2013.  The delay caused by improper filing is harmless, however, as petitioner did not demonstrate any potential grounds for relief for several weeks after his initial motion for extension of time to file.

[5] See United States v. White, 257 F. App'x 608, 609 (4th Cir. 2007) ("[T]he district court lacked jurisdiction to consider the motion in the first place because [petitioner] had not filed a § 2255 motion challenging the original judgment of conviction and his motion did not raise any potential grounds for relief").

6

to draft. Prison conditions such as lock-downs, misplacement of legal papers, and lack of access to legal materials typically are not grounds for equitable tolling. Henriquez v. United States, No. 5:06-CR-232-FL, No. 5:11-CV-142-FL, 2012 WL 1564158, *2 (E.D.N.C. May 2, 2012) (listing cases). Accordingly, petitioner has demonstrated neither that he pursued his rights diligently, nor that some extraordinary circumstance prevented a timely filing of the § 2255 petition.

    4.    Innocence of Sentence

Relying on McQuiggin v. Perkins, petitioner asserts that actual innocence of sentence may overcome procedural time bars on habeas corpus petitions. ____U.S.____, 122 S. Ct. 1924, 1928 (2013). Petitioner is mistaken. McQuiggin does not extend to cases in which a movant asserts innocence of sentence rather than actual innocence of the crime of conviction. United States v. Jones, 758 F.3d 579, 586 (4th Cir. 2014) cert. denied 135 S. Ct. 1467 (2015). Petitioner does not contend that he is innocent of the crime to which he pleaded guilty, and accordingly, the objection based on innocence of sentence is without merit.

    5.    Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate that reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. Miller–El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000). After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

7

## CONCLUSION

Based on the foregoing reasons, upon de novo review of the portions of the M&R to which specific objections were raised, and considered review of those portions to which no such objections were made, the court ADOPTS the recommendation of the magistrate judge as set forth herein. The government's motion to dismiss (DE 44) is GRANTED, and petitioner's motion to vacate, set aside, or correct (DE 39), and motion to appoint counsel (DE 60) are DENIED. A certificate of appealability is DENIED, and the clerk is DIRECTED to close this case.

SO ORDERED, this the 7th day of December, 2015.

*[signature]*

LOUISE W. FLANAGAN
United States District Judge